UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC and LUCASFILM ENTERTAINMENT COMPANY LTD. LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> MOUSEPRINT MEDIA, LLC d/b/a DISGEAR a/ka www.myfavoritedisgear.com a/k/a www.disgeardesigns.com and ERIC A.WICHHART, <br><br> Defendants. | Civ. No.: 6:19-cv-02318-RBD-GJK <br><br> AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND COPYRIGHT INFRINGEMENT SEEKING DAMAGES AND PERMANENT INJUNCTIVE RELIEF |

Plaintiffs, Disney Enterprises, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiffs file this action to combat infringement of their copyrighted works and trademarks by Defendants Mouseprint Media, LLC d/b/a Disgear a/k/a www.myfavoritedisgear.com a/k/a www.disgeardesigns.com and Eric A. Wichhart. Defendants are the owners, operators, and managers of an online business that uses the Plaintiffs' trademarks and copyrights without authorization from the Plaintiffs.

2.     Plaintiffs seek to halt Defendants' infringement of Plaintiffs' intellectual property rights and seek a permanent injunction, damages, costs, and attorneys' fees, as authorized by the Copyright Act and the Lanham Act.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338, as Plaintiffs' claims arise under The Copyright Act, 17 U.S.C. §101 et. seq. and The Lanham Trademark Act, as amended, 15 U.S.C. §1051 *et. seq.*

4.     Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. §§1391(b) and 1400(a).

## THE PARTIES

### Plaintiffs

5.     Plaintiff Disney Enterprises, Inc., (hereinafter "DEI") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California. Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (collectively "Lucasfilm") are limited liability companies duly organized and existing under the laws of the State of California, having their principal place of business in San Francisco, California.

6.     DEI and Lucasfilm (collectively, "Plaintiffs") and certain of their affiliated entities are engaged in businesses that include production and distribution of filmed entertainments, live entertainments, including theme park experiences,  as  well

as merchandising and licensing the characters and elements associated with their motion pictures and television programs and franchises across a wide variety of goods and services.

7.     Plaintiffs own numerous properties covered by one or more copyright registrations with the U. S. Copyright Office (hereinafter "Plaintiffs' Copyrighted Properties"). A representative, non-exclusive collection of such registrations is attached as Exhibit A.

8.     Plaintiffs also own trademarks including common law rights, trade names, registrations, and/or registration applications (collectively, the "Plaintiffs' Trademarks") that incorporate and/or refer to the artwork, characters and other distinctive elements associated with Plaintiffs' properties and franchises. A representative, non-exclusive collection of such registrations is attached as Exhibit B.

9.     As a result of widespread advertising and sales by Plaintiffs and/or their affiliates and their respective licensees, together with longstanding consumer recognition, the Plaintiffs' Trademarks are powerful source identifiers of and for Plaintiffs' authorized products and services. The Plaintiffs' Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers. Authorized merchandising and licensing of the Plaintiffs' Trademarks is subject to Plaintiffs' control over the quality of the licensed goods and services.

140-5271

## Defendants

10.     Defendant, Mouseprint Media, LLC d/b/a Disgear a/k/a www.myfavoritedisgear.com a/k/a www.disgeardesigns.com is a limited liability company organized under the laws of the State of Florida, located at 7046 Spring Park Drive, Winter Garden Florida 34787, and in this judicial district.

11.     Defendant, Eric A. Wichhart is, upon information and belief, an individual who resides at 7046 Spring Park Drive, Winter Garden Florida 34787, and is a manager, founder and controlling force in the operation of Mouseprint Media LLC. Wichhart and Mouseprint Media, LLC will hereinafter be collectively referred to as "Mouseprint".

## INFRINGING CONDUCT

12.     Mouseprint operates an online retail sales business that includes manufacturing, marketing, selling, offering for sale and distributing unauthorized goods, including apparel, which reproduce, depict and/or incorporate Plaintiffs' Trademarks and Plaintiffs' Copyrighted Properties (hereafter, collectively, "Plaintiffs' Properties").  Mouseprint sells, markets, advertises, and offers for sale unauthorized goods through its own directly operated websites located at www.myfavoritedisgear.com and www.disgeardesigns.com (which redirects to www.myfavoritedisgear.com), as well as numerous marketplace sites and social media platforms. Marketing copy from each of these online platforms showing

Defendants' offer for sale and advertising of infringing goods are attached respectively as Exhibits C through I.

13.    Mouseprint has created and is using a mark, the DISGEAR Device  that mimics Plaintiff DEI's' famous MICKEY MOUSE 3-Circle Device, was well as DEI's MOUSE GEAR DEVICE.  Mouseprint uses the DISGEAR Device as its main source identifying mark on its infringing goods and throughout its online businesses. See chart below and Exhibits C through I.

14.    The right side of the following chart shows representative, non-exhaustive examples of Mouseprint's unauthorized uses of Plaintiffs' Copyrighted Properties. The left side shows representative, non-exhaustive examples of Plaintiffs' Copyrighted Properties infringed by Mouseprint. Additional representative samples of unauthorized goods offered by Mouseprint are attached as Exhibit J.

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
| --- | --- |
|  VA 1-812-381 |  |

140-5271

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
|---|---|
| <br>VAu 1-224-658 |  |
| <br>VA 2-056-418 |  |

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  VA 1-875-024  VA 1-885-788  VA 2-007-387 |  |

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  VA 2-013-265 |  |
|  VA 1-812-381 |  |

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  VAu 1-224-516  VAu 1-360-045    VAu 1-359-338 |  |
| Let it go, let it go<br>Can't hold it back anymore<br>Let it go, let it go<br>Turn away and slam the door!<br>I don't care what they're going to say<br>Let the storm rage on.<br>The cold never bothered me anyway<br><br>VA 1-927-042 |  |

| PLAINTIFFS' COPYRIGHTED PROPERTIES | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  VAu 1-224-528  VA 2-101-248 |  |

15.     The right side of the following chart shows representative, non-exhaustive examples of Mouseprint's unauthorized uses of Plaintiffs' Trademarks. The left side of the chart shows representative, non-exhaustive examples of Plaintiffs' Trademarks infringed by Mouseprint. Additional representative samples of unauthorized goods offered by Mouseprint are attached as Exhibit J.

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
| <br><br>(Reg. No. 2,784,058)<br><br><br><br>DEI's MOUSE GEAR DEVICE | <br><br> |

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
| <br><br>(Reg. No. 2,784,058) |  |
| <br><br>(Reg. No. 2,784,058) |  |

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  (Reg. No. 2,784,058) |  |
|  (Reg. No. 3,443,879)<br><br>MAY THE FOURTH BE WITH YOU (Reg. No. 4,989,195)<br><br>THE FORCE (Reg. No. 4,396,375) |  |

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
|  (Reg. No. 3,370,950)  (Reg. No. 4,006,387)  (Reg. No. 2,784,058) |  |

140-5271

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
| ALIVE WITH MAGIC (Reg. No. 5,206,015) MADE WITH MAGIC (Reg. No. 5,256,664) MAGIC KINGDOM (Reg. No. 1,072,396) MAGIC YOUR WAY (Reg. No. 3,207,772) |  |
| GOOFY (Reg. No. 4,324,736) |  |

140-5271

| PLAINTIFFS' TRADEMARKS | MOUSEPRINT INFRINGING DESIGN |
|---|---|
| DISNEY (Reg. No. 3,088,198)  (Reg. No. 5,312,434) |  |

16.     Mouseprint even filed a trademark application with the United States Patent and Trademark Office (USPTO) for the DISGEAR Device in conjunction with apparel in Class 25, application number 88312616.  The USPTO refused registration based on the confusing similarity of the DISGEAR Device with DEI's MICKEY MOUSE 3-Circle Device, registration number 2,784,058, shown side by side below, and determined the application was abandoned after Mouseprint failed to respond to the refusal:

140-5271




MICKEY MOUSE 3-Circle Device                   DISGEAR Device
Reg. No. 2,784,058                       Serial Number 88312616

17.    Mouseprint also filed an application for the mark LIVE THE MAGIC (App. No. 88312574), which is confusingly similar to numerous DEI Trademarks, including but not limited to MADE WITH MAGIC (Reg. No. 5,256,664), MAGIC KINGDOM (Reg. No. 1,072,396), MAGIC YOUR WAY (Reg. No. 3,207,772), and ALIVE WITH MAGIC (Reg. No. 5,206,015).

18.    Mouseprint also uses the DISGEAR mark (Reg. No. 4,917,399), which mark is likely to confuse the consuming public into believing that there is an association between Defendants' business and Plaintiffs'.

19.    Adding to the likelihood of confusion, Defendants have reproduced photographs of various Walt Disney World Resort rides and attractions in their marketing materials, and Defendants use a business phone number which incorporates the DEI Pluto trademark as a phoneword--504-40P-LUTO, on fulfilment and marketing materials.  See below and Exhibits L and M.

 

20.    By letter dated March 20, 2019, Plaintiffs demanded Defendants stop infringing Plaintiffs' Properties. Defendants did not stop. Plaintiffs again wrote to Defendants on October 7, 2019 and demanded Defendants stop infringing and withdraw their application for the DISGEAR Device and other confusingly similar applications and registrations. Defendants continue to sell, market and advertise infringing goods.

21.    Defendants are on notice of Plaintiffs' exclusive rights. Defendants actions constitute willful and intentional violation of Plaintiffs' rights.

**COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 et seq.)**

22.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 7, 10 through 12, 14, and 20 through 21 above as if fully set forth herein.

23.    Defendants have made unauthorized commercial uses, including, without limitation, unauthorized reproductions and/or copies, distribution, and public displays of the Plaintiffs' Copyrighted Properties.   Representative images of Defendants'

140-5271

unauthorized uses of Plaintiffs' Copyrighted Properties are attached as Exhibits C through I.

24.    Plaintiffs own all right, title, and interest in the Plaintiffs' Copyrighted Properties and Plaintiffs have complied in all respects with the provisions of the Copyright Act of 1976, and hold valid copyright registrations in the aforesaid Plaintiffs' Copyrighted Properties attached as Exhibit A.

25.    Defendants had access to Plaintiffs' Copyrighted Properties, and many of Defendants

Designs are substantially similar.

26.    Without the consent of Plaintiffs, Defendants have intentionally infringed and continue to infringe Plaintiffs' Copyrighted Properties.

27.    As a result, Defendants have engaged in copyright infringement pursuant to 17 U.S.C. §501. Defendant's conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2).

28.    Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 17 U.S.C. § 502, as well as Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504, and Plaintiffs' costs, including attorneys' fees, in prosecuting this action pursuant to 17 U.S.C. § 505.  Further, because

Defendants' infringing conduct has been and continues to be willful, Plaintiffs, at their election, are entitled to recover the maximum amount of statutory damages available under 17 U.S.C. § 504(c)(2) for each infringed work.

## COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §1114)

29. Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 6, 8 through 13, and 15 through 21 above as if fully set forth herein.

30. Plaintiffs are the owners of the exclusive rights to Plaintiffs' Trademarks, including the federal registrations attached as Exhibit B. Each of these trademark registrations is in full force and effect.

31. Notwithstanding Plaintiffs' well-known, prior common law and statutory rights, Defendants have and continue knowingly to use in commerce unauthorized reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks in conjunction with the sale, offering for sale, distribution, and/or advertising of their goods and services, as shown more fully on Exhibits C through I.  Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

32. Defendants' use of Plaintiffs' Trademarks, without Plaintiffs' consent, constitutes trademark infringement in violation of 15 U.S. C. § 1114, in that such use is likely to cause confusion, deception and mistake among the consuming public and trade that the Plaintiffs have sponsored, approved, or are associated with the Defendants' businesses and merchandise.

33.    Defendants' misconduct has been and continues to be willful within the meaning of 15 U.S.C. § 1114 and § 1117.

34.    Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as Defendant's profits or statutory damages pursuant to 15 U.S.C. § 1117, and Plaintiffs' reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).  Further, because Defendants' infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## COUNT III - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. §1125)

35.    Plaintiffs repeat each and every allegation set forth in paragraphs 1 through 6, 8 through 13, and 15 through 21 above as if fully set forth herein.

36.    Plaintiffs' Trademarks have acquired secondary and distinctive meaning.

37.    Defendants' use of Plaintiffs' Trademarks, without consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of goods sold and offered for sale by the Defendants. Defendants have

further attempted to confuse the consuming public concerning a connection between the Plaintiffs and Defendants, or the products and service sold and offered for sale by the Defendants, by reproducing photographs of attractions from the Walt Disney World Resort on their Amazon shop page, utilizing the DEI Pluto trademark as a phoneword--504-40P-LUTO on marketing materials, and using additional Plaintiffs' Properties on marketing and fulfillment materials. See Exhibits K through M.

38.    Defendants' acts complained of herein are willful and intentional within the meaning of 15 U.S.C. § 1114 and § 1117, and these acts have been and continue to be undertaken with the intention of trading upon the valuable goodwill built up by Plaintiffs, or otherwise injuring Plaintiffs.

39.    Such conduct on the part of Defendants has injured Plaintiffs in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages or Defendant's profits pursuant to 15 U.S.C. § 1117, and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).  Further, because Defendants' infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against the Defendants as follows:

A.    Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

1.    Advertising, marketing, promoting, producing, offering for sale and/or selling the unauthorized apparel and unauthorized sales services as identified this Amended Complaint;

2.    Using Plaintiffs' Copyrighted Works or Plaintiffs' Registered Trademarks in any unauthorized manner including in conjunction with the sale, marketing, manufacturer, offer for sale of apparel or provision of retail apparel sale services;

3.    Making any false statement or representation to suggest that the Defendants are affiliated with or sponsored by Plaintiffs, including reproducing photographs of structures or attractions at the Walt Disney World Resort in advertising copy for the Defendants' products or services;

4.    Engaging in any other activity constituting unfair competition with or an infringement of any of Plaintiffs' Properties or constituting any dilution of Plaintiffs' names, reputations, or goodwill;

140-5271

5. Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (1) through (4); and

6. Aiding, abetting, or contributing to the advertising, marketing, promoting, producing, offering for sale and selling of goods that make unauthorized use of Plaintiffs' Properties.

B. Directing that Defendants immediately cease the advertising, marketing, promoting, producing, offering for sale and/or selling of goods making unauthorized use of Plaintiffs' Properties on each of their websites, third party marketplace shops or pages, any social media pages, and any third party print to demand portals and remove any references to the same.

C. Pursuant to 17 U.S.C. §1119, directing that the Defendants withdraw their application for the LIVE THE MAGIC MARK (App. No. 88312574), surrender their DISGEAR mark, Reg. No. 4,917,399 within twenty (20) days of being ordered to do so by this Court, and make no attempt to revive or refile an application for the DISGEAR Device Mark.

D. Directing that Defendants deliver for destruction any and all infringing merchandise in their possession or under their control bearing any of Plaintiffs' Properties or any simulation, reproduction, counterfeit, copy, or colorable imitation

140-5271

thereof, as well as any all devices, or software used in the manufacture or production of such infringing merchandise, to Plaintiffs' undersigned counsel or their authorized representative, and all advertising or marketing materials used in conjunction with the sale or offer for sale of such unauthorized goods or services.

E.      Directing that Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with paragraphs A through D above.

F.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that the Plaintiffs have authorized or are related in any way to any goods or services manufactured, advertised, marketed, promoted, offered for sale and/or sold by the Defendants.

G.      Awarding to Plaintiffs Defendants' profits, after an accounting, or at the Plaintiffs' election statutory damages, including willful statutory damages, pursuant to 17 U.S.C. §504 (c).

H.      Awarding to Plaintiffs three times Defendants' profits, after an accounting, or at the Plaintiffs' election statutory damages, including willful statutory damages, pursuant to 15 U.S.C. §1117 (a) and (c).

I.      Awarding to Plaintiffs three times Defendants' profits, after an accounting, pursuant to 15 U.S.C. §1125(a) and §1117(a).

140-5271

J.     Awarding to Plaintiffs their costs and reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. §1117(a) and (b) and 17 U.S.C. § 505.

K.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

L.     Awarding other such relief to Plaintiffs as this Court deems just and proper.

Dated this 18th day of December 2019.

/s/ Michael W.O. Holihan
Michael W. O. Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
Holihan Law
1101 North Lake Destiny Rd.
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
michael.holihan@holihanlaw.com
kimberly.harchuck@holihanlaw.com
Attorneys for Plaintiffs

140-5271